IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BRIAN KOPATZ | § | |
| VS. | § | CIVIL ACTION NO. 5:18cv87 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Brian Kopatz, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

Petitioner is confined pursuant to four judgments and sentences from the 229th District Court of Duval County, Texas. Petitioner was convicted of murder in the first three cause numbers, 00-CR-117, 00-CR-03, and 00-CR-04, and convicted of attempted capital murder in the last cause number, 00-CR-05. Pursuant to a plea agreement in cause number 00-CR-05, petitioner pleaded guilty and was sentenced to a term of twenty-five (25) years' confinement. In cause numbers 00-CR-117, 00-CR-03, and 00-CR-04, petitioner entered a plea agreement which stipulated the judge would assess a sentence of a minimum of fifty years. At sentencing, the judge sentenced petitioner to a term of life in prison in each cause.

Petitioner brings this petition for writ of habeas corpus contesting his convictions and sentences. Petitioner contends he entered a plea bargain for fifty years' confinement, but the trial

judge sentenced him to a term of life in prison.[1]  Additionally, petitioner requests his twenty-five year sentence be reversed because TDCJ will not acknowledge it.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Telford Unit in Texarkana, Texas.  However, petitioner is complaining of his convictions and sentences which occurred in Duval County, Texas.  Pursuant to 28 U.S.C § 124, Duval County is in the Corpus Christi Division of the Southern District of Texas.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

While jurisdiction is proper in the Eastern District of Texas, the petitioner complains of convictions which occurred in the Corpus Christi Division of the Southern District of Texas and all records and witnesses involving this action may be located in the Southern District.  The court has considered the circumstances and has determined the interests of justice would best be served if this petition was transferred to the division in which the petitioner was convicted, being the United States

---

[1] While petitioner makes reference to the fact that TDCJ is calculating his sentences as life sentences, such claim does not involve the actual miscalculation of his sentences.  Instead, petitioner's issue remains that he was sentenced to life in prison instead of fifty years.

2

District Court for the Southern District of Texas, Corpus Christi Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED this 26th day of July, 2018.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE